# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ENRIQUE GUARDADO GUTIERREZ,**

    Movant/Defendant,

vs.                                                   **CIVIL NO.  05-1290 JC/DJS**
                                                                       Criminal No.  04-1317 WJ

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Big Springs, Texas, as a result of his conviction for possession with intent to distribute 100 kilograms and more of marijuana, contrary to 21 U.S.C. §841(a)(1), (b)(1)(B). Following his conviction pursuant to a guilty plea, Movant was sentenced to eighty months imprisonment. The judgment imposing that sentence was entered on July 11, 2005. Movant did not file a direct appeal, which is not surprising given the fact that his plea agreement included a waiver of his right to appeal, with the exception that an

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

appeal would have been permissible if the Court had departed upward from the applicable sentencing guideline range. The Court sentenced Movant within the guideline range, leaving no ground for him to appeal.

2. Despite the explicit waiver of his right to appeal contained in the plea agreement, in the instant motion Movant asserts that he was denied effective assistance of counsel in part by counsel's failure to appeal the conviction. In addition, Movant asserts that his first attorney failed to advise him of the consequences of his guilty plea. He states that his attorney told him he would receive a thirty-seven month sentence, rather than the eighty month sentence he is currently serving. Movant further asserts that his attorney failed to meet with him, conduct discovery, or advise him prior to his guilty plea and failed to provide the Court with his medical records in order to seek mitigation of his sentence. Movant also contends that his plea was unlawfully induced or was involuntary as he did not understand the nature of the charges against him or the consequences of the plea. Further, Movant argues that his conviction was obtained by the violation of his right against self-incrimination, although his argument in support of that claim is that he relied upon his attorney's representation that he would be sentenced to between thirty and thirty-seven months imprisonment and, but for that reliance, would not have pleaded guilty.

3. Movant is not entitled to relief on any of the claims he presents to the Court. In evaluating a claim of ineffective assistance of counsel, the Court must apply the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

 4. Movant's task of showing that the results of the criminal proceeding against him would have been different but for his counsel's deficient performance is made more difficult by the fact that it has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Movant's contention that his attorney was ineffective for failing to research his case properly is insufficient to state a claim for relief, in that Movant does not indicate what defense or exculpatory information would have been uncovered by further research or investigation. See Hatch v. Oklahoma, 58 F.3d 1447, 1457-581 (10th Cir.1995), overruled on other grounds Daniels v. United States, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).

 5. The case against Movant was straightforward; he was found transporting marijuana in hidden compartments in a minivan when he was stopped at a permanent checkpoint on Interstate 25 in New Mexico. Movant admitted to being the registered owner of the van. Pursuant to the plea agreement, two counts of the indictment, one charge of Conspiracy and one charge of Use of a Person Under the Age of 18 in a Drug Operation, were dismissed. At his plea hearing, Defendant admitted that he was transporting marijuana and that the amount of the drug was over one hundred kilograms. United States v. Enrique Gutierrez, Cr-04-1317WJ, Transcript of Plea Hearing before the Hon. William W. Deaton held on November 3, 2004, p. 7-8. At his sentencing, Movant exercised his right of allocution and informed the Court that he transported the marijuana to "mak[e] a fast buck to help my family". United States v. Enrique Gutierrez, Cr-04-1317WJ, Transcript of Sentencing Hearing before the Hon. John E. Conway held on July 11, 2005, p. 3.

 6. Movant's assertion that his plea is rendered involuntary by the promise of his attorney that

3

he would be sentenced to a thirty-seven month term of imprisonment is contradicted by the text of his plea agreement, which specifies that he might be sentenced to a term of imprisonment from five to forty years. The plea agreement also notes that "The defendant has reviewed the application of the guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case .... [t]he defendant will not be allowed to withdraw the plea if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range." United States v. Enrique Gutierrez, Cr-04-1317WJ, Plea Agreement filed Nov. 3, 2004 (Docket No. 51). Movant affirmed that he understood that he would be sentenced to a period of imprisonment of not less than five years and not more than forty years at his plea hearing. United States v. Enrique Gutierrez, Cr-04-1317WJ, Transcript of Plea Hearing before the Hon. William W. Deaton held on November 3, 2004, p. 6. Movant further affirmed that no promises had been made to him in order to induce him to plead guilty. Id. at p. 7. As shown by the record, Movant's claims that he was unaware of the consequences of his plea and that his attorney failed to advise him of those consequences, let alone that he was promised a shorter sentence than that he received are flatly contradicted by the record. Conclusory statements made by a defendant are, "absent any other evidence, insufficient to show that his plea was involuntary." United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir.1999) Accordingly, Movant is not entitled to relief on his claims that his plea was rendered involuntary or his counsel ineffective by virtue of promises made to him of a thirty-seven month sentence.

     7. Lastly, Movant asserts that his attorney was ineffective for failing to obtain records of his various medical conditions and present those at sentencing in order to seek mitigation of his sentence. At his own request, Movant was appointed new counsel between his guilty plea and his sentencing. The Court notes that Movant's medical condition was discussed during his plea hearing,

and thus was available in the record to the sentencing judge. Further, Movant himself failed to mention his medical problems to the Court when he sought mercy at sentencing, rather pleading economic distress as his reason for transporting drugs. United States v. Enrique Gutierrez, Cr-04-1317WJ, Transcript of Sentencing Hearing before the Hon. John E. Conway held on July 11, 2005, p. 3. After the judge pronounced Movant's sentence, his attorney did seek a recommendation that Movant be initially incarcerated in a prison medical facility due to his medical conditions. Movant has failed to demonstrate that his attorney's actions at sentencing fell below an objective standard of reasonableness and is not entitled to relief on the basis of this claim.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**